# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

BERNIE BANUELOS

    Defendant,

v.                                       Case No. CR 02-84 WJ

UNITED STATES OF AMERICA,

    Plaintiff.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE**

THIS MATTER comes before the Court on Defendant Bernie Banuelos's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense [Doc. 149], filed March 11, 2008. Having considered the parties' briefs and the applicable law, the Court finds that the motion is well taken and shall be GRANTED.

## BACKGROUND

In 2002, Defendant Bernie Banuelos was convicted by a jury on two crack cocaine-related charges and one heroine-related charge. On March 10, 2003 this Court sentenced Mr. Banuelos to 324 months on the crack cocaine charges, a sentence at the bottom end of the Guideline range.[1] However, in 2007, the United States Sentencing Commission promulgated an amendment to the Sentencing Guidelines that provided for a two-level reduction in base offense levels for crack cocaine-related offenses. Mr. Banuelos now moves to have his sentenced

---

[1] Mr. Banuelos' conviction and sentence were affirmed by the United States Court of Appeals for the Tenth Circuit. See United States v. Banuelos, 117 F. Appx'692 (10th Cir. 2004).

reduced pursuant to that amendment.

As a preliminary matter, the Court finds that it is not necessary to hold a hearing before ruling on this motion. Federal Rule of Criminal Procedure 43(b)(4) explicitly provides that a defendant need not be present when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In accordance with that Rule, the Circuit Courts have widely held that district courts need not hold a hearing before ruling on a motion to correct a sentence pursuant to § 3582(c), nor is it necessary for a defendant to be present when a § 3582(c) determination is made. See, e.g., United States v. Jones, 298 Fed. Appx. 70 (2d Cir. 2008) (holding that notice and a hearing were not required before a court could deny a defendant's motion for resentencing under § 3582(c) based on the retroactive crack amendments); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("[A] judge need not hold a hearing when considering a § 3582(c) motion."); Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. 2007) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is *not* required.") (emphasis in original); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999) ("How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion.").

Given that the Court is granting Mr. Banuelos's request to have his sentence reduced, and given that Mr. Banuelos is currently housed at some distance from the federal courthouse in Albuquerque such that it would require significant time and expense to transport him here, the Court elects to rule on this § 3582(c) motion without holding a hearing.

## DISCUSSION

Generally, courts may not alter a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, 18 U.S.C. § 3582(c)(2) creates an exception to this general rule:

> "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(2). The United States Sentencing Commission has lowered the sentencing range in the manner described in § 3582(c) with respect to crack cocaine offenses. On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the United States Sentencing Guidelines, which provided for a 2-level reduction in base offense levels for crack cocaine-related offenses. On December 11, 2007, the Sentencing Commission promulgated Amendments 712 and 713, which made Amendment 706 retroactive. See United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008). Thus, some defendants currently incarcerated for offenses involving crack cocaine are eligible to have their sentences reduced through the operation of § 3582(c) and the retroactive application of Amendment 706.

  **A.  Mr. Banuelos is Eligible for a Two-Level Reduction in his Sentence**

The parties in this case initially disagreed about whether Mr. Banuelos was eligible to have his sentence reduced. However, the Government has now conceded that an amendment to the commentary to U.S.S.G. § 2D1.1, promulgated by the Sentencing Commission and effective May 1, 2008, "changed the application note and the procedures for calculating the offense level in polydrug cases such as this [one]," such that Mr. Banuelos is indeed eligible to have his sentence reduced. See Gov't Supp. Resp. [Doc 158] at 1. The parties thus are now in agreement that Mr. Banuelos is eligible to have his base offense level reduced from 36 to 34, resulting in a final amended Guideline range of 262-327 months instead of 324-405 months. See id. at 2.

B.    **A Reduction in Sentence is Appropriate in Light of the Section 3553(a) Factors**

Although Mr. Banuelos is eligible to have his sentence reduced under § 3582(c), such a reduction is not automatic. See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."). Under 18 U.S.C. § 3582(c), a court should only reduce a sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that such a reduction is appropriate. Under revised application note 1(B)(iii) to U.S.S.G. § 1B1.10, a court may also consider "post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment" in determining whether a reduced sentence is appropriate. In United States v. Vautier, the Eleventh Circuit described the process of deciding whether to reduce a sentence pursuant to § 3582(c) as requiring two separate determinations: "First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed . . . . Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." 144 F.3d at 760. The Court will therefore proceed to consider the § 3553(a) factors in light of the amended Guideline sentence and Mr. Banuelos's post-sentencing conduct.[2]

Section 3553(a)(6) specifically directs the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." A desire to avoid unwarranted sentencing disparities was precisely

---

[2] Because Mr. Banuelos' original sentencing hearing was held on March 10, 2003, before the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), the Court did not explicitly consider the § 3553(a) factors when it first imposed sentence on Mr. Banuelos.

what motivated the passage of Amendment 706, see Kimbrough v. United States, 128 S.Ct. 558, 568-69 (2007) (explaining that the Sentencing Commission adopted Amendment 706 because it "determined that the crack/powder sentencing disparity is generally unwarranted"), and applying the reduction allowed for by Amendment 706 will further that goal. Furthermore, this Court has granted reductions similar to the one requested by Mr. Banuelos when resentencing other defendants pursuant to Amendment 706. Therefore, granting Mr. Banuelos a comparable reduction will help to avoid unwarranted sentencing disparities in this sense as well. Moreover, there is nothing in the record to suggest that Mr. Banuelos should not be given such a reduction. There was nothing unusually violent or extreme about the crime Mr. Banuelos was convicted of, nor does consideration of Mr. Banuelos' post-arrest conduct give rise to any particular concerns. Mr. Banuelos has represented to the Court that, although there have been some incident reports filed against him during his present incarceration, he is seeking counseling to address the behaviors that led to those reports. Furthermore, Mr. Banuelos has clearly made a significant effort to use the time while he is incarcerated productively. He has successfully completed several college courses as well as various other drug abuse and skills training programs.

     At the original sentencing hearing in March of 2003, the Court found that Mr. Banuelos' offense level was 36 and his criminal history category was VI which, under the Sentencing Guidelines as they existed at the time, resulted in an incarceration range of 324-405 months. Mr. Banuelos was sentenced at the low end of the Guideline range to 324 months. As discussed above, nothing in the record before the Court suggests that Mr. Banuelos should not be sentenced at the low end of the amended Guideline range for crack cocaine offenses. Therefore, the Court finds that Mr. Banuelos is entitled to have his sentence reduced from 324 to 262 months, a sentence that is sufficient, but not greater than necessary to comply with the purposes

set forth in paragraph (2) of 18 U.S.C. § 3553(a).

### C. The Court Does Not have Discretion to Give Mr. Banuelos a Below-Guideline Sentence on Resentencing

Mr. Banuelos next argues that, not only should this Court resentence him using an amended Guideline range, but that in doing so the Court should use its discretion to give him a sentence below that amended Guideline range. Mr. Banuelos points to a case called United States v. Hicks, in which the Ninth Circuit held that "United States v. Booker's requirement that the district courts treat the United States Sentencing Guidelines as advisory applies to the resentencing of defendants pursuant to 18 U.S.C. § 3582(c)." 472 F.3d 1167, 1168 (9th Cir. 2007). However, the Tenth Circuit has explicitly rejected the Hicks holding. In United States v. Rhodes, the Tenth Circuit considered the Hicks decision and declined to follow it:

> The problem with the Hicks decision, in our view, is that it failed to consider that, as outlined above, sentence modification proceedings have a different statutory basis than original sentencing proceedings. As a result the Ninth Circuit erroneously concluded that the remedial portion of the Booker decision, which rendered the guidelines effectively advisory for purposes of original sentencing proceedings, applied to § 3582(c)(2) proceedings as well.

549 F.3d 833, 840-41 (10th Cir. 2008). The Tenth Circuit affirmed this position in United States v. Pedraza, 550 F.3d 1218, 1220 (10th Cir. 2008) ("After our holding in Rhodes . . . Mr. Pedraza's argument that Booker and the Sixth Amendment mandate discretion to impose a below-guidelines sentence at resentencing has been settled: they do not."). The First, Fourth, Seventh, Eighth, and Eleventh Circuits have considered the issue and reached the same conclusion. See United States v. FanFan, 558 F.3d 105 (1st Cir. 2009); United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009); United States v. Cunningham, 554 F.3d 703 (7th Cir. 2009); United States v. Starks, 551 F.3d 839 (8th Cir. 2009); United States v. Melvin, 556 F.3d 1190

(11th Cir. 2009).

Given the binding Tenth Circuit precedent on point, as well as the significant weight of authority from other courts of appeals, the Court finds that it does not have discretion to impose a below-Guideline sentence upon resentencing Mr. Banuelos.

### D.     Mr. Banuelos was Properly Sentenced as Career Offender

Finally, Mr. Banuelos contends that his offense level is incorrectly calculated because he has wrongly been treated as a career offender pursuant to U.S.S.G. § 4B1.1. Defendant refers the Court to Amendment 709 to the United States Sentencing Guidelines, which requires that (1) if two prior sentences were imposed on the same day, and (2) if those sentences were imposed for offenses that were not separated by an intervening arrest, those two sentences are to be counted as only one "prior" for purposes of calculating a defendant's criminal history. See U.S.S.G. § 4A1.2(a)(2). Defendant argues that, since his two prior sentences were imposed for offenses that were not separated by an intervening arrest, and since both sentences were imposed o`n the same day, he has only one "prior" and should not be considered a career offender. However, as has already been suggested, the amendment on which Mr. Banuelos relies applies to §§ 4A1.1 and 4A1.2 of the Guidelines, which deal with calculating criminal history, and not to § 4B1.1, which deals with career offenders. Section 4B1.1 does not contain any requirement of an intervening arrest in order to designate a defendant as a career offender. Therefore, the Court finds that Mr. Banuelos was properly sentenced as a career offender and his amended Guideline sentence will continue to reflect this.

### CONCLUSION

The Court finds that Mr. Banuelos is eligible for a 2-level reduction in his sentence through the retroactive application of Amendment 706 to the United States Sentencing

Guidelines. The Court further finds that such a reduction is appropriate in light of the factors set out in 18 U.S.C. § 3553(a)(1-7).

THEREFORE, IT IS ORDERED that Defendant Bernie Banuelos's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense [Doc. 149] is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant Bernie Banuelos's base offense level is hereby reduced from 36 to 34, and that his sentence is hereby reduced from 324 months 262 months.

_____
UNITED STATES DISTRICT JUDGE