# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                            No. 02-cr-084 WJ

BERNIE BANUELOS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Bernie Banuelos' Emergency Motion to Reduce Sentence (Doc. 195). Defendant seeks a sentence reduction under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. The United States opposes the motion, arguing Defendant is attempting to take advantage of other favorable developments in sentencing law. Having carefully reviewed the record and applicable law, the Court will deny the Motion.

### BACKGROUND

In 2002, a jury convicted Defendant of a heroin-related charge (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)) and two charges relating to the possession and distribution of 5 grams or more of crack-cocaine (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)). The Presentence Investigation Report (PSR) reflects that agents purchased and/or seized 93 grams of crack-cocaine from Defendant. He did not object to that figure, which the Court adopted. Defendant received a base offense level of 32 for the quantity and type of drug under the United States Sentencing Guidelines (U.S.S.G.). Four levels were added for possession of a firearm (U.S.S.G. § 2D1.1) and Defendant's aggravating role (U.S.S.G. § 3B1.1(c)), resulting in a total offense level of 36. With a criminal history category of

VI, the corresponding guideline range was 324 to 405 months imprisonment. The Court sentenced Defendant to 240 months on the heroin offense and 324 months on each crack-cocaine offense, with the sentences running concurrently. The convictions and sentences were upheld on appeal.

In 2007, "the United States Sentencing Commission promulgated Amendment 706, which is retroactive and generally provides a two-level reduction in the base offense level for crack cocaine offenses under § 2D1.1(c)." *U.S. v. Darton*, 595 F.3d 1191, 1193 (10th Cir. 2010). Defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). By an Order entered June 24, 2009, the Court concluded Defendant was eligible for a sentence reduction and that the amended sentencing range was 262 to 327 months. The Court reduced his sentence to 262 months imprisonment. The Court further determined that it lacked authority to consider a below-guideline sentence when ruling on an 18 U.S.C. § 3582(c)(2) motion. The Tenth Circuit Court of Appeals again affirmed the decision.

Defendant filed the instant First Step Act Motion, through counsel, on April 8, 2019. He urges the Court to disregard the PSR finding and reduce his sentence as though he only possessed 5 grams of crack-cocaine (the conviction quantity). The United States filed an opposition response on April 22, 2019, and Defendant filed a reply on April 26, 2019. The parties agree the Court can rule on the Motion without conducting a hearing

## DISCUSSION

Section 404(b) of the First Step Act of 2018 allows the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. The Fair Sentencing Act reduced the disparity in the treatment of crack-cocaine and powder cocaine offenses. *See* Pub. L. No. 111-

220, 124 Stat. 2372. In particular, Congress modified the statutory penalties for "A-Level," B-Level," and "C-Level" crack-cocaine offenses under 21 U.S.C. § 841(b)(1). For A-Level offenses (*i.e.,* offenses under § 841(b)(1)(**A**)), the amount of crack-cocaine triggering a maximum life sentence was increased from 50 grams to 280 grams. For B-Level offenses (*i.e.,* offenses under § 841(b)(1)(**B**)), the amount of crack-cocaine triggering a 40-year maximum sentence was increased from 5 grams to 28 grams. Offenses involving less than 28 grams of crack-cocaine are now C-Level offenses (§ 841(b)(1)(**C**)) and carry a maximum sentence of 20 years imprisonment. *Id.*

Here, Defendant was convicted in 2003 of possessing 5 grams or more of crack-cocaine under § 841(b)(1)(B), which was then a B-Level offense. However, the Court found Defendant was accountable for 93 grams of crack-cocaine based on the PSR, which is still a B-Level offense. The only point in contention, then, is whether the Court should disregard the uncontested PSR finding and rely solely on the conviction quantity. If the PSR finding remains intact, Defendant is not eligible for a sentence reduction because 93 grams of crack-cocaine triggers the same statutory penalty both before and after the Fair Sentencing Act. *Compare* Pub. L. No. 111-220, 124 Stat. 2372 *with* 21 U.S.C. § 841(b)(1)(B). If the Court disregards the PSR finding and assumes Defendant only possessed 5 grams of crack-cocaine, he may be eligible for resentencing as a C-Level offender, reducing his current sentence from 262 months to the maximum penalty of 240 months. *See* 21 U.S.C. § 841(b)(1)(C). Relief under the First Step Act is discretionary, and Defendant would still need to demonstrate a reduction is appropriate. *See* Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222.

Defendant argues the PSR finding is unlawful due to recent developments in Supreme Court law, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. U.S.*, 570 U.S. 99 (2013). Under

3

*Apprendi,* "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. *Alleyne* expanded that holding to prohibit judicial fact-findings that increase a mandatory minimum sentence. 570 U.S. 99. More recently, the Tenth Circuit clarified that *Alleyne* requires juries to decide crack-cocaine quantities using the "beyond-a-reasonable-doubt standard." *U.S. v. Johnson*, 878 F.3d 925, 929 (10th Cir. 2017). Based on these cases, Defendant contends the Court must resentence him as a C-Level offender using the conviction quantity (5 grams of crack-cocaine).

The United States contends Defendant is attempting to take advantage of other favorable changes in sentencing law beyond the First Step and Fair Sentencing Acts. The United States notes the PSR finding was lawful at the time of sentencing, when Defendant essentially conceded he possessed 93 grams of cocaine.[1] According to the United States, the only way to obtain relief in this case is through collateral review and plenary sentencing under *Apprendi* and *Alleyne*. However, the United States points out this is not a habeas proceeding, and in any event, *Apprendi* and *Alleyne* are not retroactively applicable on collateral review. *See U.S. v. Mora,* 293 F.3d 1213 (10th Cir. 2002); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013).

The majority of courts agree that the First Step Act does not authorize relief based on plenary resentencing issues. *See U.S. v. McKinney*, 2019 WL 2053998, at *2 (D. Kan. May 9, 2019) (collecting cases); *U.S. v. Lewis*, 2019 WL 1923047, at *23 (D.N.M. Apr. 30, 2019) (conducting in-depth survey of the case law). Several courts have also specifically rejected First Step motions that challenge PSR quantity findings under *Apprendi* and *Alleyne*. *See, e.g., U.S. v.*

---

[1] The quantity was uncontested, though Defendant lodged detailed objections to other portions of the PSR. *See* Doc. 106.

*Glover,* 2019 WL 1924706, at *7 (S.D. Fla. Apr. 11, 2019) (rejecting defendant's request for a "full resentencing hearing during which the Court must apply *Apprendi*); *U.S. v. Potts*, 2019 WL 1059837, at *2 (S.D. Fla. Mar. 6, 2019) (same); *U.S. v. Blocker*, 2019 WL 2051957 (N.D. Fla. Apr. 25, 2019) (same); *cf U.S. v. Lawson*, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019) ("Nothing in the First Step Act anticipates a full re-sentencing with application of laws … that have changed since a defendant's original sentencing, other than the retroactive application of … the Fair Sentencing Act.").[2] As one court points out, all pre-2010 indictments tracked § 841(b)(1)(B), which only required possession of 5 grams of crack-cocaine for a B-Level offense. *Blocker*, 2019 WL 2051957, at *5. Thus, if PSR findings were disregarded based on new Supreme Court law, "every crack defendant sentenced before the Fair Sentencing Act took effect would be eligible for a reduction," creating "an enormous disparity in the opposite direction" between crack and powder cocaine offenders. *Id. See also U.S. v. Boulding,* 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019) (acknowledging crack offenders could receive "unwarranted windfalls" if PSR findings were disregarded under the First Step Act and *Alleyne*).

Having carefully considered the caselaw, the Court predicts the Tenth Circuit would decline to grant First Step relief based on *Apprendi* and *Alleyne*. "[A] district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *U.S. v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Here, jurisdiction stems from both the First Step Act and 18 U.S.C. § 3582(c)(1)(B), which permits the Court to modify a

---

[2] *But see U.S. v. Simons,* 2019 WL 1760840 at *6 (E.D.N.Y. Apr. 22, 2019) (citing *Alleyne* in First Step proceeding and finding that statutory penalties are determined by facts submitted to a jury); *U.S. v. Davis*, 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act.").

sentence "to the extent otherwise expressly permitted by statute." The corollary section addressing guideline changes is § 3582(c)(2). The Tenth Circuit has repeatedly held that "*Apprendi and Alleyne* claims are unavailable under § 3582(c)(2)" because "they are collateral attacks on [the] conviction and sentence." *U.S. v. Serrato*, 646 Fed. App'x 680, 685 (10th Cir. 2016). *See also U.S. v. Clayton*, 92 Fed. App'x 703, 706 (10th Cir. 2004) (noting *Apprendi/Alleyne* challenges must be raised in a 28 U.S.C. § 2255 habeas proceeding rather than a motion to reduce sentence); *U.S. v. Stevens*, 723 Fed. App'x 629, 631 (10th Cir. 2018) (same); *U.S. v. Herrera*, 634 Fed. App'x 670, 672 (10th Cir. 2016); (same).

There is no reasonable basis to apply a different rule under the First Step Act. Like a retroactive guideline change, the statute provides a limited scope of review. Courts must suspend reality and consider the defendant's "sentence as if" 28 grams of crack-cocaine triggered a B-level offense "at the time the [crime] was committed." Pub. L. No. 115-391, 132 Stat. 5194. If the 28-gram minimum applied in 2003, Defendant's sentence would not change; the Court found, based on then-applicable law, that he was responsible for 93 grams of crack-cocaine. Incorporating ancillary issues into the analysis - such as the propriety of the PSR finding - would violate the Tenth Circuit's directive that *Apprendi* and *Alleyne* claims must be raised in a habeas proceeding. A sentence reduction is therefore not warranted as a matter of law.

The Court further finds that even under *Apprendi* and *Alleyne*, it would still deny the Motion. *See* Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to [the First Step Act]."). Those cases prohibit judicial findings that *increase* the statutory penalty for a crime. *Alleyne* in particular was issued to protect the Sixth Amendment right to a jury trial. 570 U.S. at 104-105. Declining to

reduce a sentence is not tantamount to an increase, nor does this proceeding implicate Defendant's right to a jury trial. Moreover, Defendant already received a sentence reduction from 324 months to 262 months (the guideline minimum) based on the two-level guideline reduction for crack-cocaine offenses.[3] *See* Doc. 169. This ruling, along with Defendant's criminal history, the need to avoid unwarranted sentence disparities (including windfalls) among cocaine offenders, and the other factors in 18 U.S.C. § 3553, weigh against any further sentence reductions. The Court therefore finds the Motion should be denied, notwithstanding its alternative ruling that relief is unavailable as a matter of law.

Based on the foregoing, **IT IS ORDERED** that the Motion to Reduce Sentence (Doc. 195) is **DENIED.**

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Although the prior ruling does not prohibit a further reduction, the Court finds it mitigated the original sentencing disparities Defendant suffered as a crack-cocaine offender.